# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DENISE KAUFFMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | FILED: JULY 31, 2008 |
| **v.** | ) **No.** | 08CV4368 |
| | ) | JUDGE MANNING |
| **VILLAGE OF BARRINGTON, An** | ) | MAGISTRATE JUDGE MASON |
| **Illinois Municipal Corporation,** | ) | |
| **CHIEF JEFFERY LAWLER, In** | ) | **JURY DEMAND** |
| **his individual capacity, DEPUTY** | ) | TC |
| **CHIEF JOHN EDWARDS, In his** | ) | |
| **individual capacity AND** | ) | |
| **SERGEANT MARK KASPAR, In** | ) | |
| **his individual capacity – add** | ) | |
| **Edwards?** | ) | |
| | ) | |
| **Defendant.** | | |

## COMPLAINT

The Plaintiff, Denise Kauffman, by her attorney, Keith L. Hunt complains against the Defendants as follows:

1.      The Plaintiff, Denise Kauffman, is a female resident of Lake County, Illinois.

2.      The Defendant, Village of Barrington, is a unit of local government located in Cook and Lake counties within the State of Illinois.

3.      At all relevant times, Defendant Jeffery Lawler was the Chief of Police for the Village of Barrington and was a member of the Barrington-Inverness Police Department.

4.      At all relevant times, Defendant Deputy Chief John Edwards was the Deputy Chief of the Barrington-Inverness Police Department.

Document Produced by deskPDF Unregistered :: http://www.docudesk.com

5.      At all relevant times, Defendant Mark Kaspar was a sergeant in the Barrington-Inverness Police Department.

6.      Defendants Kaspar, Lawler and Edwards at all relevant times resided within this judicial district.

7.      Lawler had final policy making authority with respect to the subject matter of this Complaint.

8.      Edwards had final policy making authority with respect to the subject matter of this Complaint.

9.      Lawler and Edwards supervised, controlled and were responsible for the day-to-day operations of the Barrington-Inverness Police Department.

10.      The Barrington-Inverness Police Department is a department within the Village of Barrington which provides police and public safety services for the Village of Barrington and, on a contract basis, for the Village of Inverness.

11.      Lawler, Edwards and Kaspar each had a supervisory role within the Barrington Police Department.

12.      This is an action for declaratory and injunctive relief and for damages against the Defendants to redress the depravation of Plaintiff's civil rights under 42 USC § 1983 ("1983"), 42 USC § 2003 e etc. (Title 7) and for pendant state relief.

13.      This Court has jurisdiction pursuant to 28 USC § 1331, § 1343 (4), § 2201, § 2202, and § 1983.

Document Produced by deskPDF Unregistered :: http://www.docudesk.com

14.     Venue is proper under 28 USC § 1391 because the acts complained of by the Plaintiff occurred within this judicial district and because the Defendants conduct their principal business within this judicial district.

15.     On December 12, 2006, Plaintiff filed a timely charge of sex discrimination, sexual harassment in retaliation against the Village of Barrington (Exhibit A).

16.     This Complaint is timely filed within ninety (90) days of the receipt of the Notice of Right to Sue (Exhibit B).

**COUNT I**
**VIOLATION OF § 1983**
**(AGAINST MARK KASPAR)**

17.     The Plaintiff adopts and incorporates by reference the allegations of paragraphs of 1-16 of the complaint.

18.     The position of sergeant is a supervisory and/or managerial position in the administrative hierarchy of the Barrington-Inverness Police Department.

19.     Defendant Mark Kaspar was a sergeant in the Barrington-Inverness Police Department.

20.     As a sworn employee and member of management, Kaspar maintained a supervisory role with respect to the Plaintiff.

21.     As a member of management and a sworn employee, Kaspar had the ability to affect and control the terms and conditions of Plaintiff's employment.

3

Document Produced by deskPDF Unregistered :: http://www.docudesk.com

22.    The Plaintiff has a constitutionally protected right to equal

protection under the laws as guaranteed under the Fourteenth Amendment of the

United States Constitution and made enforceable through § 1983.

23.    Defendant Kaspar intentionally and willfully violated the Plaintiff's

Constitutional right to equal protection, and the rights of other female employees,

in violation of § 1983 in one or more of the following ways:

a.  By being repeatedly subjected to unwelcomed or unwanted sexual advances;

b.  By having her job made more difficult and/or being made to look bad to my employer after resisting or opposing sexual advances;

c.  By being subjected to acts of physical and psychological intimidation;

d.  By being sent e-mails of a pornographic and/or sexual nature;

e.  By being subjected to unwanted or unwelcomed comments or remarks;

f.  By having pictures/videos taken of her buttocks;

g.  By being subjected to comments about my body;

h.  By being treated differently than similarly situated workers who are not forced to endure unwanted acts, harassment and advances

i.  And by being otherwise subjected to unwelcome and unwanted conduct of an inappropriate or unwelcome nature

j.  On or about December 15, 2006, while Plaintiff was preparing to testify at a hearing of the Village of Barrington Board of Fire and Police Commissioners, the Plaintiff was subjected to further harassment and retaliation by being forced to set up the meeting and arrange for the hearing of the very charges which the Village filed against Sergeant Kaspar as a result of Plaintiff's complaints of harassment.

k.  During the course of preparing to testify on or about December 15, 2006 at the Barrington BOFPC meeting, Defendant Kaspar

4

Document Produced by deskPDF Unregistered :: http://www.docudesk.com

physically confronted the Plaintiff in a threatening and intimidating fashion in an attempt to bully and threaten her and to intimidate her from testifying against him, resulting in the Plaintiff suffering severe anxiety and emotional distress requiring her to be transported via ambulance to Good Shepard Hospital and thereafter necessitating the Plaintiff to take a leave of absence.

l.     Plaintiff complained about all of the foregoing conduct but notwithstanding her complaints and any alleged attempt by the Village to remedy the situation, the Plaintiff was subjected to further unwarranted acts of discrimination, retaliation and harassment by Kaspar.

24.     Despite complaining about these events, Defendants failed to take appropriate remedial action and, with respect to the December 15th, 2006 events, the Defendants never attempted to take any remedial action or administer any discipline or punishment to Defendant Kaspar.

25.     Defendants Lawler, Edwards and the Village of Barrington were aware, on information and belief, of the Defendant Kaspar's prior conduct, on the fact that he had had prior allegations of harassment charged against him and/or had engaged in prior inappropriate sexual activity while on duty yet they allowed Kaspar to continue working as a police officer in supervisory capacity and granted Kaspar tacit permission to engage in a course of offensive and harassing behavior towards the Plaintiff.  As a result the Defendants had a custom policy or practice of condoning or tacitly authorizing sex discrimination and harassment based on sex by supervisors and employees, and in particular Mark Kaspar, against female employees, including the Plaintiff.

26.     When Plaintiff was interviewed about her initial complaints, she was told by a sergeant that "everyone" knows about Kaspar and how he treats women and that should keep notes of what he does to her.

5

Document Produced by deskPDF Unregistered :: http://www.docudesk.com

27.     Kaspar, acting under color of law, intentionally, purposefully and willfully caused the deprivations of the Plaintiff's Constitutional rights.

28.     Kaspar treated other females employed by the Barrington-Inverness Police Department and/or the Village of Barrington in a discriminatory and/or harassing manner.

29.     Kaspar was personally involved in the discriminatory treatment of which the Plaintiff complains.

30.     Kaspar's actions were a proximate cause of the Plaintiff's constitutional injuries.

31.     As a direct and proximate result of the sexual harassment and sex discrimination and her opposition to it described in the Complaint, the Plaintiff was unable to return to her position and was constructively discharged.

32.     As a result of the Defendant's conduct the Plaintiff has suffered extreme anxiety, humiliation and emotional distress requiring her to be taken to the hospital and be treated for anxiety and emotional distress.

WHEREFORE, the Plaintiff, Denise Kauffman, prays that this Honorable Court:

a.      Enter judgment in the Plaintiff's favor and against the Defendants for their violations of 42 U.S.C. §1983.

b.      Award the Plaintiff actual damages suffered, including lost wages and damages.

Document Produced by deskPDF Unregistered :: http://www.docudesk.com

c.    Award the Plaintiff compensatory damages under 42 U.S.C. §1983 for embarrassment, anxiety, humiliation and emotional distress she has suffered.

d.    Award the Plaintiff punitive damages for Defendants' willful violations of 42 U.S.C. §1983.

e.    Award the Plaintiff prejudgment interest on her damages award.

f.    Enjoin the Defendants, Lawler, Kaspar and Kincaid from discriminating, harassing and retaliating against the Plaintiff and any employee.

g.    Award the Plaintiff her reasonable costs and attorneys fees.

h.    Grant the Plaintiff such further relief as this Court deems just and equitable.

**COUNT II**
**VIOLATION OF § 1983**
**(AGAINST THE VILLAGE, JEFFERY LAWLER AND JOHN EDWARDS)**

33.    The Plaintiff adopts and incorporates by reference the allegations of paragraphs of 1-32 of the Complaint.

34.    The discriminatory acts of which Plaintiff complains including those incidents and the conduct described in Count I above were performed pursuant to a larger custom, policy or practice of discrimination maintained by the Defendants in violation of § 1983.

35.    At all relevant times, Defendants maintained a widespread custom policy or practice of sex discrimination, sexual harassment and retaliation that is

7

Document Produced by deskPDF Unregistered :: http://www.docudesk.com

so permanent and well-settled as to constitute "custom or usage" with a force or effect of law.

36.    Defendants were aware of the discriminatory acts of which Plaintiff complains but acted with deliberate indifference to the conduct, did nothing to effectively remedy the situation and/or turned a blind eye toward the conduct.

37.    Plaintiff complained about Kaspar's behavior both orally and in writing on a number of occasions.

38.    While Kaspar was instructed to stay away from the Plaintiff, Defendants did nothing to effectively prevent any further discriminatory, retaliatory and/or threatening acts.

39.    Defendant Kaspar had administrative duties as the Administrative Sergeant of the Barrington-Inverness including, but not limited to drafting policies and general orders to be utilized and enforced by the Barrington-Inverness Police Department including policies prohibiting unlawful harassment, sexual harassment and discrimination.

40.    The Defendants' custom policy or practice was a proximate cause of the Plaintiff's injuries.

41.    Defendants failed to effectively train and in particular failed to properly train Kaspar regarding sexual harassment.

42.    Defendants failed to enforce policies of the Barrington-Inverness Police Department so as to safeguard the Plaintiff and other female employees from acts of unlawful discrimination and harassment.

Document Produced by deskPDF Unregistered :: http://www.docudesk.com

43.    The Defendants' custom policy or practice of failing to train its employees was a proximate cause of the Plaintiff's injuries.

44.    As a result, Defendants had a custom policy or practice of treating female employees differently from male employees.

45.    Female employees were subjected to the type of conduct described in Count I where as male employees were not subjected to similar types of behavior.

46.    Plaintiff's Constitutional injuries were caused by the Defendants Lawler and Edwards who were final policy makers of § 1983 with respect to the terms and conditions of Plaintiff's job.

WHEREFORE, the Plaintiff, Denise Kauffman, prays that this Honorable Court:

a.    Enter judgment in the Plaintiff's favor and against the Defendants for their violations of 42 U.S.C. §1983.

b.    Award the Plaintiff actual damages suffered, including lost wages and damages.

c.    Award the Plaintiff compensatory damages under 42 U.S.C. §1983 for embarrassment, anxiety, humiliation and emotional distress she has suffered.

d.    Award the Plaintiff punitive damages for Defendants' willful violations of 42 U.S.C. §1983.

e.    Award the Plaintiff prejudgment interest on her damages award.

Document Produced by deskPDF Unregistered :: http://www.docudesk.com

f.    Enjoin the Defendants, Lawler, Kaspar and Kincaid from discriminating, harassing and retaliating against the Plaintiff and any employee.

g.    Award the Plaintiff her reasonable costs and attorneys fees.

h.    Grant the Plaintiff such further relief as this Court deems just and equitable.

**COUNT III**
**EQUAL PROTECTION**
**VIOLATION OF § 1983**
**(AGAINST ALL DEFENDANTS)**

47.    The Plaintiff adopts and incorporates by reference the allegations of paragraphs of 1-46 of the complaint.

48.    Plaintiff was treated less favorably and differently than similarly situated male employees of the Defendants.

49.    Through their actions, policies, employment practices and conduct directed at the Plaintiff and other female employees, the Defendants deprived the Plaintiff of her constitutional right of equal protection under the law in violation § 1983.

50.    The Defendants intentionally, purposefully and willfully caused the deprivation of the Plaintiff's constitutional rights to equal protection under the law.

51.    At all relevant time, the Defendants acted in the color of state law and willfully and purposefully depriving the Plaintiff of constitutionally guaranteed rights.

10

Document Produced by deskPDF Unregistered :: http://www.docudesk.com

WHEREFORE, the Plaintiff, Denise Kauffman, prays that this Honorable Court:

a.   Enter judgment in the Plaintiff's favor and against the Defendants for their violations of 42 U.S.C. §1983.

b.   Award the Plaintiff actual damages suffered, including lost wages and damages.

c.   Award the Plaintiff compensatory damages under 42 U.S.C. §1983 for embarrassment, anxiety, humiliation and emotional distress she has suffered.

d.   Award the Plaintiff punitive damages for Defendants' willful violations of 42 U.S.C. §1983.

e.   Award the Plaintiff prejudgment interest on her damages award.

f.   Enjoin the Defendants, Lawler, Kaspar and Kincaid from discriminating, harassing and retaliating against the Plaintiff and any employee.

g.   Award the Plaintiff her reasonable costs and attorneys fees.

h.   Grant the Plaintiff such further relief as this Court deems just and equitable.

**COUNT IV**
**VIOLATION OF TITLE VII**
**SEX DISCRIMINATION**
**(AGAINST THE VILLAGE)**

52.   The Plaintiff, Denise Kauffman, adopts and incorporates by reference the allegations contained in 1-51 of this Complaint.

11

Document Produced by deskPDF Unregistered :: http://www.docudesk.com

53.    The Plaintiff is a member of a protected class, female.

54.    The Plaintiff has been employed by the Defendant since mid 2005 Continued to be employed until December 15, 2006.

55.    During the course of her employment with the Defendants, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her sex as more fully described in Counts I-III of this Complaint.

56.    The environment referred to in the preceding paragraph of this Complaint includes, but was not limited to:

a.    By being repeatedly subjected to unwelcomed or unwanted sexual advances;

b.    By having her job made more difficult and/or being made to look bad to my employer after resisting or opposing sexual advances;

c.    By being subjected to acts of physical and psychological intimidation;

d.    By being sent e-mails of a pornographic and/or sexual nature;

e.    By being subjected to unwanted or unwelcomed comments or remarks;

f.    By having pictures/videos taken of her buttocks;

g.    By being subjected to comments about her body;

h.    By being treated differently than similarly situated workers who are not forced to endure unwanted acts, harassment and advances;

i.    By being otherwise subjected to unwelcome and unwanted conduct of an inappropriate or unwelcome nature;

j.    On or about December 15, 2006, while Plaintiff was preparing to testify at a hearing of the Village of Barrington Board of Fire and Police Commissioners, the Plaintiff was subjected to further harassment and retaliation by being forced to set up the meeting

Document Produced by deskPDF Unregistered :: http://www.docudesk.com

and arrange for the hearing of the very charges which the Village filed against Sergeant Kaspar as a result of Plaintiff's complaints of harassment.

k.   During the course of preparing to testify on or about December 15, 2006 at the Barrington BOFPC meeting, Defendant Kaspar physically confronted the Plaintiff in a threatening and intimidating fashion in an attempt to bully and threaten her and to intimidate her from testifying against him, resulting in the Plaintiff suffering severe anxiety and emotional distress requiring her to be transported via ambulance to Good Shepard Hospital and thereafter necessitating the Plaintiff to take a leave of absence.

l.   Plaintiff complained about all of the foregoing conduct but notwithstanding her complaints and any alleged attempt by the Village to remedy the situation, the Plaintiff was subjected to further unwarranted acts of discrimination, retaliation and harassment by Kaspar.

57.    All of the foregoing conduct was offensive to the Plaintiff and would to a reasonable person.

58.    The Plaintiff was subjected to the conduct referred to in this Complaint because she is female.

59.    Similarly situated male employees were not subjected to the conducted referred to in this Complaint.

60.    The sexually discriminatory acts and harassing environment described in this Complaint were known to the Village of Barrington and Edwards and Lawler.

61.    The Defendants' sexually discriminatory behavior was part of a custom policy or practice of unlawful harassment and discrimination of female employees by Defendants.

Document Produced by deskPDF Unregistered :: http://www.docudesk.com

62.    As a direct and proximate result of the foregoing, the Plaintiff has suffered embarrassment, humiliation and emotional distress and other forms of damage.

63.    The Plaintiff has suffered damages of an ongoing and continuous nature.

WHEREFORE, the Plaintiff, Denise Kauffman, prays that this Honorable Court:

a.    Enter judgment in the Plaintiff's favor and against the Defendants for their violations of 42 U.S.C. §1983.

b.    Award the Plaintiff actual damages suffered, including lost wages and damages.

c.    Award the Plaintiff compensatory damages under 42 U.S.C. §1983 for embarrassment, anxiety, humiliation and emotional distress she has suffered.

d.    Award the Plaintiff punitive damages for Defendants' willful violations of 42 U.S.C. §1983.

e.    Award the Plaintiff prejudgment interest on her damages award.

f.    Enjoin the Defendants, Lawler, Kaspar and Kincaid from discriminating, harassing and retaliating against the Plaintiff and any employee.

g.    Award the Plaintiff her reasonable costs and attorneys fees.

h.    Grant the Plaintiff such further relief as this Court deems just and equitable.

Document Produced by deskPDF Unregistered :: http://www.docudesk.com

**COUNT V**
**VIOLATION OF TITLE VII:**
**SEXUAL HARASSMENT**
**(AGAINST THE VILLAGE)**

64.    The Plaintiff adopts and incorporates by reference the allegations of

paragraphs of 1-63 of the Complaint.

65.    The Plaintiff is member of a protected class, female.

66.    During the course of her employment was subjected to a hostile,

offensive and discriminatory work environment including:

      a.    By being repeatedly subjected to unwelcomed or unwanted sexual
      advances;

      b.    By having her job made more difficult and/or being made to look
      bad to my employer after resisting or opposing sexual advances;

      c.    By being subjected to acts of physical and psychological
      intimidation;

      d.    By being sent e-mails of a pornographic and/or sexual nature;

      e.    By being subjected to unwanted or unwelcomed comments or
      remarks;

      f.    By having pictures/videos taken of her buttocks;

      g.     By being subjected to comments about her body;

      h.    By being treated differently than similarly situated workers who are
      not forced to endure unwanted acts, harassment and advances;

      i.    By being otherwise subjected to unwelcome and unwanted
      conduct of an inappropriate or unwelcome nature;

      j.    On or about December 15, 2006, while Plaintiff was preparing to
      testify at a hearing of the Village of Barrington Board of Fire and Police
      Commissioners, the Plaintiff was subjected to further harassment and
      retaliation by being forced to set up the meeting and arrange for the
      hearing of the very charges which the Village filed against Sergeant
      Kaspar as a result of Plaintiff's complaints of harassment.

Document Produced by deskPDF Unregistered :: http://www.docudesk.com

k.   During the course of preparing to testify on or about December 15, 2006 at the Barrington BOFPC meeting, Defendant Kaspar physically confronted the Plaintiff in a threatening and intimidating fashion in an attempt to bully and threaten her and to intimidate her from testifying against him, resulting in the Plaintiff suffering severe anxiety and emotional distress requiring her to be transported via ambulance to Good Shepard Hospital and thereafter necessitating the Plaintiff to take a leave of absence.

l.   Plaintiff complained about all of the foregoing conduct but notwithstanding her complaints and any alleged attempt by the Village to remedy the situation, the Plaintiff was subjected to further unwarranted acts of discrimination, retaliation and harassment by Kaspar.

67.    The Defendants treated similarly male employees more favorably in that they did not subject them to this discriminatory and offensive behavior.

68.    The Defendants systematically treated female employees worse than similarly situated male employees in that female employees were subjected to the harassment described in this Complaint and that the Defendants knew, or through the exercise of reasonable diligence should have known that Kaspar had engaged in similar types of behavior with respect to other female employees.

69.    The Defendants created and perpetuated a work environment that was so offensive and severe that no reasonable person could be expected to endure it.

70.    As a direct and proximate of the foregoing the Plaintiff has suffered embarrassment, humiliation and emotional distress and other forms of damage on an ongoing and continuous nature.

WHEREFORE, the Plaintiff, Denise Kauffman, prays that this Honorable Court:

Document Produced by deskPDF Unregistered :: http://www.docudesk.com

a.    Enter judgment in the Plaintiff's favor and against the Defendants for their violations of 42 U.S.C. §1983.

b.    Award the Plaintiff actual damages suffered, including lost wages and damages.

c.    Award the Plaintiff compensatory damages under 42 U.S.C. §1983 for embarrassment, anxiety, humiliation and emotional distress she has suffered.

d.    Award the Plaintiff punitive damages for Defendants' willful violations of 42 U.S.C. §1983.

e.    Award the Plaintiff prejudgment interest on her damages award.

f.    Enjoin the Defendants, Lawler, Kaspar and Kincaid from discriminating, harassing and retaliating against the Plaintiff and any employee.

g.    Award the Plaintiff her reasonable costs and attorneys fees.

h.    Grant the Plaintiff such further relief as this Court deems just and equitable.

**COUNT VI**
**VIOLATION OF TITLE VII:**
**RETALIATION**
**(AGAINST THE VILLAGE)**

71.    The Plaintiff adopts and incorporates by reference the allegations of paragraphs of 1-70 of the Complaint.

72.    The Plaintiff opposed the acts of sexual harassment and sex discrimination in violation of her rights of equal protection by the Defendants.

17

Document Produced by deskPDF Unregistered :: http://www.docudesk.com

73.    The Defendants were aware of the sexual harassment and in fact as a result of their investigation sustained each of the allegation against Sergeant Kaspar based upon the Plaintiff's complaint and the conduct which Kaspar was found to have engaged in with respect to Plaintiff but failed and/or refused to stop it or otherwise take appropriate remedial action to protect the Plaintiff from further acts of discrimination or retaliation including but not limited to physical threats and intimidation.

74.    Once the Defendants became aware of additional allegations and continued misconduct by the Defendant Kaspar, they never took any further action or leveled any discipline against Kaspar.

**COUNT VII**
**INDEMNIFICATION**
**(AGAINST THE VILLAGE)**

75.    The Plaintiff adopts and incorporates by reference the allegations of paragraphs of 1-74 of the Complaint.

76.    Defendants Lawler, Edwards and Kaspar are or were at all relevant times employees of Defendant Village of Barrington and as such are entitled to be indemnified against any liability for relief other than punitive damages.

77.    As a unit of local government, the Village of Barrington is obligated under 745 ILCS § 10/9-102 to indemnify the individual Defendants for their conduct in this case which arose out of their course and scope of their employment.

Document Produced by deskPDF Unregistered :: http://www.docudesk.com

78.    The acts, errors and omissions alleged against each of the individual Defendants were willfully committed by them during the course and scope of their employment and from the use of their office or power.

79.    The acts, error and omissions referred to in this Complaint constituted sexual harassment, discrimination, retaliation and violation of 42 USC § 1983 against the Plaintiff.

WHEREFORE, for the foregoing reason, the Village of Barrington should be found liable to the Plaintiff for all sums and for all relief awarded to the Plaintiff against the individual Defendants in this cause.


## COUNT VIII
## ASSULT
## (AGAINST MARK KASPAR IN HIS INDIVIDUAL CAPACITY)

80.    The Plaintiff, Denise Kauffman, adopts and incorporates by reference the allegations of paragraphs of 1-89 of the Complaint.

81.    The incidents referred to in this Complaint occurred in the workplace, during work hours, and/or while Kaspar was on duty.

82.    The Defendant Kaspar engaged in the conduct referred to in this Complaint intentionally.

83.    As a direct result of the Defendant's intentional and unlawful acts of a threatening and/or intimidating nature, the Plaintiff had a reasonable apprehension or fear of imminent physical, violent and/or offensive conduct or touching, without her consent, which caused the Plaintiff to suffer damages.

Document Produced by deskPDF Unregistered :: http://www.docudesk.com

84.    As a result of the Defendant's conduct, the Plaintiff has continued to suffer emotional distress and other physical manifestations of her injuries.

WHEREFORE, the Plaintiff respectfully requests that this honorable Court award damages in an amount sufficient to compensate her for the damages for she has suffered together with punitive damages and costs of this action.

## COUNT IX
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (AGAINST ALL DEFENDANTS)

85.    The Plaintiff adopts and incorporates by reference the allegations of paragraphs of 1-84 of the Complaint.

86.    The Defendant intended to cause the Plaintiff severe emotional distress.

87.    The Defendant's conduct was extreme, outrageous and beyond the balance of moral decency.

88.    The Defendant's conduct was so outrageous that no reasonable person could be expected to endure it.

89.    As a result of the Defendant's conduct the Plaintiff suffered a severe emotional distress.

WHEREFORE, for the foregoing reasons, the Plaintiff respectfully requests that this Court award damages in an amount sufficient to compensate the Plaintiff for the injuries she has suffered together with punitive damages and the costs of this action.

## PLAINTIFF DEMANDS TRIAL BY JURY

Document Produced by deskPDF Unregistered :: http://www.docudesk.com

Respectfully Submitted,
HUNT & ASSOCIATES, P.C


By:/S/ Keith L. Hunt(*electronically filed*)
      Keith L. Hunt


Keith L. Hunt
Hunt and Associates, P.C.
Three First National Plaza
Suite 2100
Chicago, IL 60602
(312) 558-1300
(312) 558-9911 (fax)

21

Document Produced by deskPDF Unregistered :: http://www.docudesk.com

EEOC FORM 131 (5/01)

## U.S. Equal Employment Opportunity Commission

|  |  |
|---|---|
| Ms. Karen Darch<br>Village President<br>**VILLAGE OF BARRINGTON**<br>200 S. Hough St<br>Barrington, IL 60010 | 08CV4368<br>JUDGE MANNING<br>MAGISTRATE JUDGE MASON<br><br>TC |

| PERSON FILING CHARGE |
|---|
| **Denise Kauffman** |

| THIS PERSON (check one or both) |
|---|
| [X] Claims To Be Aggrieved |
| [ ] Is Filing on Behalf of Other(s) |

| EEOC CHARGE NO. |
|---|
| **440-2007-01780** |

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act      [ ] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act      [ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by **18-JAN-07** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by      to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by to

     If you <u>DO NOT</u> wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| **Tyrone Irvin,**<br>**Enforcement Supervisor** | **Chicago District Office - 440**<br>**500 West Madison St**<br>**Suite 2800**<br>**Chicago, IL 60661** |
|---|---|
| *EEOC Representative* | |
| Telephone    **(312) 353-0905** | |

Enclosure(s): [X] Copy of Charge

## CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[ ] RACE   [ ] COLOR   [X] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN   [ ] AGE   [ ] DISABILITY   [X] RETALIATION   [ ] OTHER

**See enclosed copy of charge of discrimination.**

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| **December 15, 2006** | **John P. Rowe,**<br>**District Director** | *John P. Rowe* |

EXHIBIT

A

EEOC Form 212-A (3/98)

## U.S. Equal Employment Opportunity Commission

TO: **Illinois Department Of Human Rights**
**100 West Randolph Street**
**Floor 10-100**
**Chicago, IL 60601**

Date    **December  12, 2006**
EEOC Charge No.
        **440-2007-01780**
FEPA Charge No.

CHARGE TRANSMITTAL

SUBJECT:

| **Denise  Kauffman** | v. | **VILLAGE OF BARRINGTON** |
|---|---|---|
| *Charging Party* | | *Respondent* |

Transmitted herewith is a charge of employment discrimination initially received by the:

☒ EEOC    ☐ _____ on **Dec 12, 2006**

*Name of FEPA*    *Date of Receipt*

[X] Pursuant to the worksharing agreement, this charge is to be initially investigated by the EEOC.

☐ Pursuant to the worksharing agreement, this charge is to be initially investigated by the FEPA.

☐ The worksharing agreement does not determine which agency is to initially investigate the charge.

☐ EEOC requests a waiver          ☐ FEPA waives

☐ No waiver requested             ☐ FEPA will investigate the charge initially

*Please complete the bottom portion of this form to acknowledge the receipt of the charge
and, where appropriate, to indicate whether the Agency will initially investigate the charge.*

| Typed Name of EEOC or FEPA Official | Signature/Initials |
|---|---|
| **John P. Rowe, District Director** | *John P. Rowe* |

| **Denise  Kauffman** | v. | **VILLAGE OF BARRINGTON** |
|---|---|---|
| *Charging Party* | | *Respondent* |

TO WHOM IT MAY CONCERN:

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention to initially investigate the charge.

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention not to initially investigate the charge.

☐ This will acknowledge receipt of the referenced charge and request a waiver of initial investigation by the receiving agency.

☐ This will acknowledge receipt of the referenced charge and indicated this Agency's intention to dismiss/close/not docket the charge for the following reasons:

| Typed Name of EEOC or FEPA Official | Signature/Initials |
|---|---|
| **Rocco J. Claps, Director** | *A. Smith* |

TO: **Chicago District Office - 440**
**500 West Madison St**
**Suite 2800**
**Chicago, IL 60661**

Date    **December  15, 2006**
EEOC Charge No.
        **440-2007-01780**
FEPA Charge No.

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; Ser__acy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA | 440-2007-01780 |
| ☐ EEOC | |

_State or Local Agency, if any_ _____ and EEOC

**NAME** (Indicate Mr., Ms., Mrs.)
Denise Kauffman

**HOME TELEPHONE** (Include Area Code)
847-438-5038

**STREET ADDRESS**
65 Pebble Creek Drive

**CITY, STATE AND ZIP CODE**
Lake Zurich, IL 60047

**DATE OF BIRTH**
11-7-63

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME** (If more than one list below.)

**NAME** (Indicate Mr., Ms., Mrs.)
Village of Barrington

**NUMBER OF EMPLOYEES, MEMBERS**
<100

**TELEPHONE** (Include Area Code)
847-304-3400

**STREET ADDRESS**
200 South Hough Street

**CITY, STATE AND ZIP CODE**
Barrington, IL 60010

**COUNTY**
Cook/Lake

**NAME** (Indicate Mr., Ms., Mrs.)
Barrington-Inverness Police Department

**TELEPHONE** (Include Area Code)
847-304-3300

**STREET ADDRESS**
400 North Northwest Highway

**CITY, STATE AND ZIP CODE**
Barrington, IL 60010

**COUNTY**
Cook/Lake

**CAUSE OF DISCRIMINATION BASED ON** (Check appropriate box(es))

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ AGE
☒ RETALIATION  ☐ NATIONAL ORIGIN  ☐ DISABILITY  ☐ OTHER (Specify)

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST (ADEA/EPA)    LATEST (ALL)
12/2006

☒ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):

See attached Charge Outline

DEC 1 2 2006

I want this charge filed with both the EEOC and the State or Local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

**NOTARY** - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

**SIGNATURE OF COMPLAINANT**

12/12/06   x _[signature]_

**Date**       **Charging Party (Signature)**

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)

_[signature]_ Tracy A. Rodriguez

December 12, 2006

OFFICIAL SEAL
TRACY A RODRIGUEZ
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:10/18/10

EEOC FORM 5 (Test 10/94)

# CHARGE OUTLINE

I.    I have been working for the Village of Barrington assigned to the Barrington-Inverness Police Department as the Executive Assistant to the Chief of Police since mid-2005.  I have consistently met or exceeded my employer's reasonable business expectations.

II.    I, and other female employees, have been subjected to unlawful sexual harassment in one or more of the following ways:

   a.  By being repeatedly subjected to unwelcomed or unwanted sexual advances;

   b.  By having my job made more difficult and/or being made to look bad to my employer after resisting or opposing sexual advances;

   c.  By being subjected to acts of physical and psychological intimidation by my harasser;

   d.  By being sent e-mails of a pornographic and/or sexual nature;

   e.  By being subjected to unwanted or unwelcomed comments or remarks;

   f.  By having pictures/videos taken of my buttocks;

   g.  By being subjected to comments about my body;

   h.  By being treated differently than similarly situated workers who are not forced to endure unwanted acts, harassment and advances;

   i.  And by being otherwise subjected to unwelcome and unwanted conduct of an inappropriate or unwelcome nature

DEC 1 2 2006

I have complained on numerous occasions, both orally and in writing: (1) to my harassers to let them know that their conduct was unacceptable and would not be tolerated and (2) to my employer.  Despite my repeated complaints, my employer has not taken appropriate remedial action.  While my employer is aware that other females have complained about one or more of my harassers, my employer has not taken any disciplinary action against harasser(s) thereby condoning and empowering such behavior, turning a blind eye toward such conduct, and subjecting me to continued intentional unlawful harassment and discrimination which could have been avoided.  At least one of my harassers has made inappropriate and discriminatory comments during harassment/sensitivity training, thereby making a mockery of that training and rendering it ineffective, without consequence or discipline.

The acts and conduct described above were offensive to me and would have been offensive to a reasonably prudent person of reasonable sensibility. As a result, I have lost time from work and have suffered significant anxiety and emotional distress.

III.    I have been subjected to unlawful sexual discrimination in that I have been subjected to unequal terms of employment and have been forced to endure unlawful sexual harassment as a condition or term of my employment whereas similarly situated male employees were not.

IV.    I have been subjected to retaliation for having opposed unlawful harassment, and for making complaints to my employer, by, among other things, my harassers attempting to undermine my performance and/or doing things/failing to do things in an effort to make me look bad or to undermine my performance. I have been subjected to acts which would have had the effect of dissuading a reasonable worker from making or supporting a charge of discrimination. As a result, I have been forced to miss time from work and have been subjected to acts of physical intimidation thereby altering the terms and conditions of my employment.

U.S. Department of Justice

Civil Rights Division

**NOTICE OF RIGHT TO SUE**
**WITHIN 90 DAYS**

CERTIFIED MAIL
5054 8360

950 Pennsylvania Avenue, N.W.
Karen Ferguson, EMP, PHB, Room 4239
Washington, DC 20530

Ms. Denise Kauffman
c/o Keith Hunt, Esquire
Law Offices of Hunt and Associates
Attorney at Law
70 W. Madison, Ste. 2100
Chicago, IL 60602

May 2, 2008

08CV4368

JUDGE MANNING

MAGISTRATE JUDGE MASON

Re:  EEOC Charge Against Village of Barrington
     No. 440200701780

TC

Dear Ms. Kauffman:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Grace Chung Becker
Acting Assistant Attorney General
Civil Rights Division

by *Karen L. Ferguson*

Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

RECEIVED EEOC

JUL 0 8 2008

CHICAGO DISTRICT OFFICE

cc:  Chicago District Office, EEOC
     Village of Barrington

EXHIBIT
B